112 F.3d 517
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rosa Mercedes TELLEZ; Marbely Sevilla, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70587.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided April 25, 1997.
 
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Mercedes Tellez and her daughter, Marbely Sevilla, natives and citizens of Nicaragua, petition pro se for review of the Board of Immigration Appeals' ("BIA") denial of their applications for asylum and withholding of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 We review a denial of asylum for abuse of discretion, and a denial of withholding of deportation for substantial evidence. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992). We review factual findings underlying the denial of asylum for substantial evidence, and will reverse only if the denial is not substantially reasonable. See id. Where, as here, the BIA explicitly adopts the IJ's decision, we review the IJ's decision. See Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995).
 
 
 4
 To be eligible for asylum, Tellez and Sevilla must show past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. See Berroteran-Melendez, 955 F.2d at 1255. To qualify for withholding of deportation, they must meet a higher evidentiary standard by demonstrating a clear probability of persecution. See id. at 1258.
 
 
 5
 Tellez and Sevilla contend that the BIA abused its discretion by determining that they failed to establish past persecution or a well-founded fear of future persecution by the Sandinistas on account of political opinion. This contention lacks merit.
 
 
 6
 In their asylum applications, Tellez and Sevilla stated that they and their family were stalked, watched, and mistreated by the Sandinistas, who viewed them as reactionaries. Tellez, however, testified that she passed information to the Sandinistas. Tellez also testified that her husband was imprisoned for six and a half years for murder, and that she was interrogated and subjected to house arrest for five days as an accomplice.
 
 
 7
 The IJ concluded that Tellez was not arrested for her political opinions, and that, although she may fear returning to Nicaragua due to her alleged participation in the murder of her neighbor's son, this does not support a well-founded fear of persecution based upon one of the enumerated grounds. Accordingly, the IJ's determination that Tellez and Sevilla failed to establish that they were subjected to past persecution, or that they had a well-founded fear of future persecution, was substantially reasonable. See Berroteran-Melendez, 955 F.2d at 1255. Because they failed to demonstrate a well-founded fear of persecution, they also failed to satisfy the higher standard required for withholding of deportation. See id. at 1258.
 
 
 8
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3